The evidence tends to show that the Leaumont house and appurtenances originally cost from $650 to $850, but is conflicting as to value at the date of the partition sale. Ernest Faure estimated such value at $500. Ernest Sharp testified that the improvements made by Faure and Mrs. Leaumont were in bad condition, dilapidated, and "not fit for a negro."

No intelligent judgment can be rendered on testimony so uncertain, vague, and contradictory. Two district judges so held, and we heartily concur in their opinion.

Judgment affirmed.

═══════════

(41 South. 496.)

No. 16,108.

STATE ex rel. BROUSSARD, Dist. Atty., v. HENDERSON, Sheriff.

(June 18, 1906.)

APPEAL—JURISDICTIONAL AMOUNT—HOW DETERMINED.

The sheriff having denied that the district attorney was entitled to a commission on fines in criminal cases, and refused to pay him such commission on certain fines already collected, and declared his intention not to pay same on future fines, *held* that, in a mandamus suit to compel the payment of the commissions, the only amount in dispute is the commission on the fines already collected, and that, for determining the jurisdiction of the appellate court, the commissions on the future fines cannot be taken into computation. Courts can only decide actual controversies. They cannot prescribe for the future. Mandamus will not lie to compel a general course of official conduct.

(Syllabus by the Court.)

Appeal from Nineteenth Judicial District Court, Parish of Iberia; James Simon, Judge.

Application by the state, on the relation of Edwin S. Broussard, district attorney, for writ of mandamus against George Henderson, sheriff. Judgment for plaintiff, and defendant appeals. Dismissed, and transferred to Court of Appeal on conditions.

Weeks & Weeks, for appellant. Foster, Milling, Godchaux & Sanders, Joseph W. Joffrion, John C. Theus, and James Pemberton Madison, for appellee.

PROVOSTY, J. This is a mandamus suit by the district attorney of Iberia parish to compel the sheriff of that parish to pay over to him a commission of 20 per cent. on certain fees collected in criminal cases.

The jurisdictional allegation of the petition reads as follows:

"That the amount due your relator is accumulating in the hands of the sheriff, and the said sheriff persistently refuses to turn over the amount to your relator, and that said commissions will in a short time, and long before the expiration of his term of office, amount to a sum far exceeding two thousand one hundred dollars ($2,100.00), of which amount he will be illegally deprived, unless the aid of your honorable court is invoked to force said sheriff to perform his duty in this regard."

The amount at the present time in the hands of the sheriff, which he is to be ordered to turn over, is not stated, and, in argument, the admission is made that it falls below $2,000, the lower limit of this court's jurisdiction.

Under these circumstances, the court must notice, ex proprio motu, its want of jurisdiction.

The case is not one of those of which this court has jurisdiction irrespective of the amount in dispute, and the only amount in dispute is the amount actually in the hands of the sheriff, and which he refuses to turn over. In vain is it said that the case involves also the 20 per cent. on the future fines which the sheriff declares he will refuse to turn over. As to these future fines, any judgment rendered by this court would

not be binding on the sheriff. They are not therefore involved in this suit. As to them the decision of this court could only be advisory, precisely as would have been the situation, if, there being no amount at all in the hands of the sheriff, the suit had, nevertheless, been brought. Plainly, the case would then have been simply a moot case, involving purely a question of law. The amount in dispute is the amount for which the judgment may be enforced, or as to which it will be res judicata. After this court should have decided the present case, and the sheriff had turned over the amount presently in his hands, if he refused to turn over the next fine that would come into his hands, no execution or writ could issue against him. It would be different if this court could adjudicate upon controversies in advance of their arising, but it is for the Legislature to prescribe for the future. The courts cannot. They can only adjudicate upon actual controversies. "That which distinguishes a judicial from a legislative act is that the one is a determination of what the existing law is in relation to some existing thing already done or happened, while the other is a predetermination of what the law shall be for the regulation of all future cases falling under its provisions." Cooley, Const. Lim. (6th Ed.) p. 108.

Mandamus will not lie to compel a general course of official conduct. A. & E. E. of L. vol. 19, p. 724.

It is therefore ordered, adjudged, and decreed that the appeal herein be dismissed; provided, however, that if, within 15 days from the date upon which this judgment shall have become final, the appellant, or his attorneys, shall make oath that the appeal was not taken for the purpose of delay, the cause shall be, and is, transferred to the Court of Appeal for the parish of Iberia.

It is further ordered, adjudged, and decreed that the costs of this court be paid by the appellant.